Argued January 8, affirmed February 4, 1970

KIMBROUGH ET UX, *Appellants, v.* SMITH,
*Respondent.*

464 P. 2d 696

*Robert G. Danielson,* Sweet Home, argued the cause for appellants. With him on the brief were McFarlan & Danielson, Sweet Home.

*Helen J. Frye,* Eugene, argued the cause for respondent. With her on the brief were Husband, Johnson & Frye, Eugene.

## HOLMAN, J.

Plaintiffs, who had been tenants, brought an action for conversion of household furnishings. Defendant, landlord, defended on the ground that he was allowed to take the furnishings under the landlord's lien law and he counterclaimed for damages for breach of a rental agreement. A judgment pursuant to a jury verdict was entered for defendant on his counterclaim, less the value of the household furnishings. Plaintiffs appealed.

The facts will be recounted in the most favorable manner to defendant, as is proper after a verdict in

his favor. Plaintiffs agreed to furnish work and materials to repair defendant's house in return for its use. Plaintiffs were entitled to possession as of November 20, 1967, and were to perform the work by March 20, 1968. They were to have possession until September 1, 1968. In February, plaintiffs discontinued living on the premises, leaving some furnishings behind. They did a small amount of work, but there was testimony that it was of no value. On March 22, defendant took possession of the premises and of plaintiffs' personal property therein.

■ Plaintiffs first contend that the trial court erred in failing to sustain their demurrer to defendant's affirmative defense that possession of the property was taken pursuant to the landlord's lien law. No prejudice could have resulted from the court's failure to sustain plaintiff's demurrer because the trial judge took consideration of this defense away from the jury and directed a verdict in favor of the plaintiffs for the value of their property. Plaintiffs claim that despite the court's eventual ruling in their favor, the evidence introduced pursuant to the defense was detrimental to them in the balance of the case. We have read the testimony and we find there is no basis for such a contention.

■ Plaintiffs also contend that the defense of the landlord's lien law and the counterclaim for rent were inconsistent and that the court erred in denying plaintiffs' motion to make defendant elect as between them. Plaintiffs claim the two were inconsistent because, if both were asserted, defendant would have plaintiffs' personal property as well as the full rent. Even if plaintiffs' contention were correct, the court did not submit the defense of possession under the landlord's

lien law to the jury and, therefore, plaintiffs have no basis for complaint.

■ Plaintiffs' next claim of error is that the court should have sustained plaintiffs' demurrer to defendant's counterclaim. Plaintiffs contend that the counterclaim was demurrable because defendant asked for damages in the sum of $1,166.66, which was computed at the rate of $125 per month for the full length of the lease, including the time defendant had possession and with no credit for plaintiffs' work. An overstatement of a claim for damages does not make a cause of action vulnerable to demurrer.

■ They also contend that the demurrer should have been sustained because the measure of damages was not the value of the possession of the property but, rather, the value of the work they should have performed. The counterclaim included the following allegations:

"* * * * *

"V

"That the agreed upon and reasonable rental value of said premises was $125 per month. That the Plaintiffs made no rental payment at any time in any amount whatsoever.

"VI

"That by their failure to perform their promises, Plaintiffs were in breach of the above-noted contract on the 21st day of March, 1968. That Defendant was damaged by this breach of contract in the amount of $1,166.66, the agreed upon and reasonable rental value of the premises for the period of November 20, 1967, through September 1, 1968.

"* * * * *"

The written contract between the parties was attached to the complaint and was made a part of it. It was a most informal contract and was not drawn by a lawyer. It merely provided that plaintiffs should perform certain prescribed work within a certain time and that it would be done in exchange for rent for a specified period. The dollar amount of the rent or the value of the work which was to be exchanged was not stated. We do not believe that the allegations of the complaint are so inconsistent with the contract that the complaint failed to state a cause of action. There was oral testimony that the parties placed a value on the work and material, and the length of time plaintiffs were entitled to occupy the premises was determined by exhausting that amount at the rate of $125 per month.

The judgment of the trial court is affirmed.